IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSANNE J. HAUSER,                )
          Plaintiff               )
                                  )
               v.                 )          2:09-CV-879
                                  )
COMMISSIONER OF SOCIAL            )
SECURITY,                         )
          Defendant.              )


MEMORANDUM and ORDER

Mitchell, M.J. :

Presently before the Court for disposition are cross motions for summary judgment.  For

the reasons set forth below, the plaintiff's motion (Docket No. 9) will be denied; the defendant's

motion (Docket No. 13) will be granted and the judgment of the Commissioner will be affirmed.

On July 8, 2009, Rosanne J. Hauser by her counsel, filed a complaint pursuant to Sections

205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and

1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a

period of disability or for disability insurance benefits and supplemental security income benefits

under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and

423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits

on June 7, 2005 (R.31,49-53). Benefits were denied on August 12, 2005 (R.32-36). On

September 7, 2005, the plaintiff requested a hearing (R.37), and pursuant to that request a hearing

was conducted on May 15, 2007 (R.271-310).  In a decision filed on July 26, 2007, an

Administrative Law Judge denied benefits (R.11-23).  On September 19, 2007, the plaintiff requested reconsideration of this determination (R.10), and upon reconsideration, and in a decision dated May 29, 2009, the Appeals Council affirmed the prior decision (R.6-8). The instant complaint was filed on July 8, 2009.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.  Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on May 15, 2007 (R.271-310), the plaintiff appeared with counsel (R. 273), and testified that she was born on November 30, 1976 (R.276); that she graduated from high school and had secretarial training (R.276-277); that her husband is on disability (R.280); that she worked as a cashier and video store clerk (R.278) and that she last work in June, 2004 (R.277).

The plaintiff also testified that she experiences neck and back pain and muscle spasms (R.285, 290); that she has been receiving mental health treatment for two years (R.286); that she can walk 20 to 50 feet (R.280-282); that she can stand or sit for ten to fifteen minutes (R.283); that she could possibly lift twenty pounds (R.284); that she takes medication for pain but does not obtain relief (R.285); that she does not see a psychiatrist (R.286); that her depression has lessened (R.304) and that she performs household chores but requires frequent breaks (R.289-290, 292).

At the hearing a vocational expert was called upon to testify (R.306-309). She classified the plaintiff's former work experience as light semi-skilled work (R.307). When asked to assume an individual of the plaintiff's age, education and work experience who was limited to sedentary work, the witness testified that there were a large number of jobs such a person could perform (R.307). However, if the individual incurred excessive absenteeism or required an excessive number of breaks, the witness testified she could not be employed (R.308-309).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

3

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological

4

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program.  While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff saw Barry Morris, D.C. on April 28, 2004 for a consultation (R.180-189).

A cervical MRI performed on August 20, 2004 revealed a straightening of the normal cervical lordosis consistent with muscle spasms, C4-5 annular disc bulging and C5-6 noncompressive left disc protrusion (R.111-112).

The records from the Horizon Hospital System for the period from September 10, 2004 through April 29, 2005 reveal a series of three cervical steroid injections for pain (R.113-121).

5

A psychological report prepared on May 10, 2005 disclosed a major depressive disorder without psychotic features and a panic disorder without agoraphobia (R.122-127).

The plaintiff was treated for pain by a podiatrist on June 20, 2005 (R.128-130).

The plaintiff was treated at the Greenville Orthopedic Association between August 17, 2004 and June 24, 2005 for neck and low back pain. Epidural steroids were administered. She also received physical therapy. Nerve conduction studies were normal (R.131-151).

The plaintiff was treated by R.R. Jones, D.C. between March 21, 2002 and July 14, 2005 for recurrent back pain. Adjustments and traction were employed (R.166-179).

A psychiatric review performed on July 28, 2005 noted an affective disorder marked by depression and an anxiety disorder marked by panic attacks. The limitations imposed by these conditions were generally mild and failed to meet the disability criteria and it was concluded that the plaintiff was able to meet the basic mental demands of competitive work on a sustained basis (R.190-205).

After reviewing the medical evidence and in a residual functional capacity assessment completed on August 10, 2005, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand, walk or sit for about six hours. The plaintiff was determined to be only partially credible (R. 206-212).

In a report dated August 17, 2005, Dr. Stuart D. Anderson diagnosed a possible rheumatological disorder (R.213).

The plaintiff was treated by Dr. Farooq Hassan between September 5, 2005 and June 2, 2006 for chronic fibromyalgia pain, depression and anxiety (R.214-231).

6

The plaintiff was treated by Anthony F. Rossi, D.P.M. for foot pain between June 20, 2005 and August 23, 2006. Ultrasound and wrapping were employed (R.232-240).

The plaintiff was treated at the Sharon Regional Health System E.R. on April 8, 2007 for a backache and myalgia (R.255).

The plaintiff was treated by Dr. Joyce L. Eckard between June 12, 2003 and May 17, 2007 for allergic reactions, back and hip pain, stress and depression, tinnitus, fibromyalga and acne. She concluded that the plaintiff was able to stand or walk for less than an hour and sit for less than six hours (R.152-165, 241-254, 256-258).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do

sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made.  If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through September 30, 2005. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits...

Although the undersigned finds the claimant's depression to be severe, it is noted she receives no professional mental health treatment, her medication is prescribed by her primary care physician and she testified that her mental condition has improved in the last year...

The claimant's mental impairment does not meet or medically equal the criteria of listing 12.04...  To satisfy the "paragraph B" criteria, the mental impairment must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration...

In activities of daily living, the claimant has mild restriction...

In social functioning, the claimant has no difficulties...

With regard to concentration, persistence or pace, the claimant has mild difficulties...

As for episodes of decompensation, the claimant has experienced no episodes of decompensation...

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, repetitive sedentary work...

In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.

* * *

The claimant's testimony is not credible when compared to the objective evidence of record. In fact, she seemed to exaggerate her degree of pain and limitation ...

Throughout the record the claimant alleges almost constant pain in her legs, back and joints.  However, at no time has surgery been recommended...  She has never participated in physical therapy and does not need pain medication or an assistive device to manage her condition...

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

* * *

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

The claimant  has not been under a disability, as defined in the Social Security Act, from June 7, 2004 through the date of this decision [July 26, 2007](R.14-23).

The Commissioner is charged with making credibility determinations. Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir. 2009). In resolving the obvious conflict between the objective medical evidence and the plaintiff's claims, the Commissioner concluded that the plaintiff was not totally credible. We too have examined the record, and likewise conclude that while the record demonstrates that the plaintiff suffers from both physical and mental

impairments, none of these either individually or in combination is of the severity to meet the requirements for establishing a disability. Accordingly, the conclusion of the Commissioner that the plaintiff is not disabled is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted, and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 30th day of November, 2009 for the reasons set forth in the foregoing

Memorandum  the plaintiff's motion for summary judgment (Docket No.9) is denied; the

defendant's motion for summary judgment (Docket No. 13) is granted; the decision of the

Commissioner is affirmed and judgment will be entered accordingly.


s/ Robert C. Mitchell
United States Magistrate Judge

11